## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| NATALIE MURRRAY, | ) | |
| as Next Friend to J.R.M., | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| vs. | ) | Case No.  3:22-cv-05020-MDH |
| | ) | |
| JOPLIN R-VIII SCHOOL DISTRICT | ) | |
| BOARD OF EDUCATION, | ) | |
| NORM RIDDER, KERRY SACHETTA, and | ) | |
| BRANDON EGGLESTON, | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Plaintiff's Motion to Remand.  (Doc. 10).  The motion is fully briefed and ripe for review.  Plaintiff J.M., by his next friend, Natalie Murray, filed a petition in the Circuit Court of Jasper County, Missouri alleging Defendants discriminated, harassed, and retaliated against Plaintiff in violation of the Missouri Human Rights Act.  Plaintiff alleges Defendants discriminated against him by refusing to allow him access to the boys' restroom and locker facilities at the high school as more fully described in the Petition.

After reviewing the record before the Court, and for the reasons set forth herein, the motion to remand is **GRANTED.**

## BACKGROUND

On January 5, 2022, Plaintiff filed his First Amended Petition for Damages and Injunctive Relief. On March 7, 2022, Plaintiff filed his Second Amended Petition for Damages and Injunctive Relief (hereinafter "Petition") in the Circuit Court of Jasper County, Missouri. Plaintiff's lawsuit arises out of alleged discrimination, harassment, and retaliation at Plaintiff's Joplin High School.

1

Plaintiff pled three counts, Count I – Violation under the MHRA - Sex Discrimination in Public Accommodation, RSMo. § 213.065; Count II – Violation under the MHRA – Disability Discrimination in Public Accommodation, RSMo. § 213.065; and Count III - Retaliation under the MHRA – Retaliation Mo. Rev. Stat. § 213.070.  Plaintiff's Petition also states "this action arises under the Missouri Human Rights Act…" ¶ 8.

Plaintiff served the Complaint on Defendants on February 22, 2022 and March 1, 2022.[1] On March 23, 2022, Defendant Joplin R-VIII School District Board of Education (Board) filed a Notice of Removal stating that this case has original jurisdiction pursuant to 28 U.S.C. § 1331 (Doc. 1).  Defendant's Notice of Removal states Plaintiff's Second Amended Petition for Damages asserts claims under Section 504 of the Rehabilitation Act of 1974, the Individuals with Disabilities Education Act, and Missouri law.  Defendant contends that Plaintiff's Petition presents a federal question and references Exhibit A to the Petition, the Charge of Discrimination, as also raising federal claims.  Defendant states that Plaintiff seeks relief under Section 504 and/or the IDEA giving this Court original jurisdiction.

## STANDARD

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Such courts can only hear cases that they are authorized to hear by the Constitution or a statute. *Id.* An action may be removed from state court to federal district court if the case falls within the original jurisdiction of the district court. 28 U.S.C. § 1441(a) and 1446(b). A removing defendant "bears the burden of establishing that the district court ha[s] original jurisdiction by a preponderance of the evidence." *Knudson v. Sys. Painters, Inc*., 634 F.3d 968,

---

[1] Defendant Board has a pending motion to quash service.  Defendants Sachetta and Eggelston have a pending motion to dismiss.

Case 3:22-cv-05020-MDH   Document 23   Filed 07/12/22   Page 2 of 5

975 (8th Cir. 2011). "All doubts about federal jurisdiction should be resolved in favor of remand to state court." *Id.*, citing *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 446 (8th Cir. 2010). If a civil action is removed under § 1441(a) then all defendants must join in or consent to the removal of the case to federal court. 18 U.S.C. § 1446(b)(2)(a); *Christiansen v. W. Branch Cmty. Sch. Dist.*, 674 F.3d 927, 932 (8th Cir. 2012) ("Where there are multiple defendants, all must join in a [notice] to remove within thirty days of service."). If one defendant fails to consent to the removal then the removal is rendered defective. *Pritchett v. Cottrell, Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008).

## DISCUSSION

Plaintiff moves to remand arguing that his claims are all brought under the MHRA and that there is no claim, or even reference, to the IDEA or 504 in the Petition. In response, Defendant states that "complaints about the education of a student with a disability may not be resolved under the MHRA" and argues that any such complaints must be brought pursuant to Section 504 and the IDEA. However, a review of Plaintiff's Petition reveals that Plaintiff has not brought a claim under Section 504 or the IDEA. Further, courts have rejected Defendant's general argument that any claim regarding "the education of a student" must be brought pursuant to Section 504 or the IDEA. Here, Plaintiff specifically brought state law claims.

Further, Defendant's opposition to remand states that Plaintiff's allegations "specifically reference federal statutes." However, Defendant then adds bracketed language to its citations of Plaintiff's Petition - adding references to federal statutes that are **clearly not present** in Plaintiff's Petition. At best, Defendant's addition of language that is not present in the Petition appears to be what Defendant believes Plaintiff *could have* pled but clearly did not. At worst, Defendant's addition of bracketed language is an attempt to mislead the Court into believing the language creates a cause of action that is clearly not present in Plaintiff's Petition. Regardless, Defendant's

3

insertion of this bracketed language in its briefing does not somehow create a federal cause of action when Plaintiff's Petition clearly only cites to alleged claims under the MHRA – a state law claim.

Here, the Court agrees with Plaintiff.  The MHRA allows for a claim based on disability discrimination in public accommodations, including Missouri public schools, and these are the claims brought by Plaintiff.  See *Moore v. Kansas City Pub. Sch.*, 828 F.3d 687, 694 (8th Cir. 2016) (finding Defendants failed to satisfy their burden of establishing federal jurisdiction); and *Solomon v. Kansas City Pub. Sch.*, No. 4:19-00902-CV-RK, 2020 WL 954981, at *1 (W.D. Mo. Feb. 27, 2020) (remanding case alleging violations of the MHRA).  There is simply no basis to find Plaintiff must bring a claim under 504 or the IDEA as Defendant suggests.

In addition, while the Court has already found a basis for remand, Defendant's removal fails to comply with 28 U.S.C. § 1446(b) as it does not have the consent of its co-defendants.  As a result, the removal is also found to be defective.[2]

Finally, Plaintiff seeks attorneys' fees in the amount of $3,527.50 arguing Defendant did not have an objectively reasonable basis to seek removal.  Plaintiff requests the Court award attorneys' fees for 8.3 hours of time at a rate of $425.00 an hour.  The Court looks to the reasonableness of the removal and "may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal."  *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141, 126 S. Ct. 704, 711, 163 L. Ed. 2d 547 (2005).  When an objectively reasonable basis exists for a parties' removal fees should be denied.  *Id.*

---

[2] Defendants Sachetta and Eggleston state they "intended to consent to removal" or in the alternative request the Court grant them leave to file their consent to the removal at this time. However, based on the Court's Order remanding the case for lack of subject matter jurisdiction this request for late consent of removal is moot.

4

Here, Plaintiff's Petition makes no reference to a federal claim or an IEP and there is no basis for Defendant to believe that Plaintiff's Petition raised any claim under federal law. Plaintiff makes no claim that he was denied a "free public education" and makes no reference to the implementation of an IEP. Further, Defendant's addition of bracketed language, that is not present in Plaintiff's Petition, in support of its argument for removal is concerning. The Court finds Defendant lacked an objectively reasonable basis for removal. Defendant's opposition to the request for attorneys' fees simply argues that Defendant was justified in removing the case and does not contest the actual amount or calculation of attorneys' fees submitted by Plaintiff.

Here, the Court retains jurisdiction to determine appropriate attorneys' fees. Defendant may file a response, if any, to the amount of attorneys' fees submitted by Plaintiff on or before July 25, 2022. Defendant's response should be limited solely to the amount of attorneys' fees to be awarded to Plaintiff and not any other issues contained in this Court's Order.

<b>CONCLUSION</b>

Wherefore, for the reasons set forth herein, the Motion to Remand is **GRANTED**. The case is **REMANDED** to the Circuit Court of Jasper County, Missouri. Further, the Court declines to rule on the pending Motion to Quash or the Motion to Dismiss based on the Court's Order to remand. The Court shall issue a subsequent Order regarding Plaintiff's attorneys' fees.

**IT IS SO ORDERED.**

DATED: July 12, 2022

_/s/ Douglas Harpool_
**DOUGLAS HARPOOL**
**UNITED STATES DISTRICT JUDGE**